Pearson, C. J.
 

 If one slanders-a married woman ©r commits an assault and battery upon- her, the action for injuring, her must be in the-name of husband and wife, although in the latter instance if there be any damage besides the pain suffered by the wife, as-a loss of service, or an injury to clothes, or medical bills, the-husband may sue alone and allege special damage.
 

 So if one drive-his carriage- so* negligently as to run against a married woma% in an action for the personal injury to her-she is- a necessary party, and the- husband cannot sue alone-without alleging special damage-..
 

 From the argument made in this Court, we suppose Ms-Hoiirbr intimated the opinion that the wife- was a necessary party in this action, upon the idea that it fell within the principle-stated above, and did not have-Ms attention directed, to the-fact that the ground- of the- action was no.t a
 
 simple tort,
 
 or personal injury to the- wife and’ child of the plaintiff,.but orig.inated in contract. The- plaintiffj. either in person, or by his-wife, as an agent, made an agreement with the defendant by which lie undertook to- carry the wife and child of the plaintiff across the river with ordinary- care. It is assumed by the case that the defendant was guilty of negligence, by reason of which the wife and child were thrown into the river. This was a breach, of the agreement, whereby an action accrued to-
 
 *34
 
 the plaintiff, and, as a matter of course, he was entitled to recover damages to some amount.
 

 The writ is “ trespass on the case,” and it does' not appear by the record whether the plaintiff declared in contract or in tort. He had his election to declare in either form of action. If the declaration was on contract, of course the wife was not a necessary party; and it is equally clear if the declaration was in tort, the wife was not a necessary party. There was no more reason for making her a party plaintiff, than for making the child a plaintiff in order to enable the husband and father to recover the damages which he had sustained by reason of the wrongful breach of the contract on the part of the defendant.
 

 If the defendant had undertaken to carry a horse of the plaintiff’s across the river, and it was drowned through negligence, all the authorities show that the plaintiff might have sued either in contract or in tort for breach of the contract of bailment; and the same doctrine applies to a contract to carry persons, which is in the nature of a contract of bailment.
 

 The distinction between a case of the kind before us, and those which we presume his Honor had in view, is this: the one is a
 
 simple tort
 
 without any connection whatever with a contract, and the other, although sued for as a tort, arises
 
 ex
 
 cont/raciu, and being based on contract, the rules in regard to the non-joinder and mis-joinder of parties in actions,
 
 ex contractu
 
 are applied to it; for instance, if two purchase a horse jointly, and one of them sue alone in deceit, the non-joinder of the other may be taken advantage of by demurrer, motion in arrest of judgment, or writ of error if the matter appears in the record; if it does not so appear, - then by non-suit, because of the variance, which is the rule for the non-joinder of parties plaintiff in actions
 
 ex contractu;
 
 whereas, according to the rule in actions
 
 ex
 
 delicto, the non-joinder could only be taken advantage of by plea in abatement, and in the absence of such plea, the plaintiff recovers his aliquot part of the damages. This is settled; see
 
 Scott
 
 v. Brown, 3 Jones, 541. On the same principle it is settled, if one hires a horse to an in
 
 *35
 
 fant, and the horse is injured by neglect, or by being driven too hard, the action may be either in contract or in tort, but the party by bringing an action in tprt, cannot avoid the plea of infancy, which is a bar to an action on the contract ; for the tort arises out of a contract and the rule in respect to actions,
 
 ex
 
 contractu, is applied.
 

 The distinction between actions for
 
 svmpbs torts
 
 and torts arising
 
 ex contractu,,
 
 or “
 
 quasi ex contractu”
 
 as they are styled in the books, is so clear and the reason for making a difference is so obvious, whejn attention is called to it, that it, se'ems unnecessary to elaborate the subject.
 

 Per Curiam,
 

 Judgment reversed, and
 
 vmi/re de nom.