CLARK, C. J., dissenting on the ground of harmless error.
These issues were submitted: *Page 338 
1. Was the plaintiff injured by the defendant, Hugh Horne, as alleged in the complaint? Answer: Yes.
2. What damages, if any, is the plaintiff entitled to recover? Answer: $2,500.
The court overruled motion for new trial and rendered judgment for plaintiff, from which the defendant appealed.
The facts are sufficiently stated in the opinion of the court.
The evidence tends to prove that the defendant is insane and has been so adjudged by proper proceedings and was duly confined in jail, and application made for admission in an asylum of the State. There is evidence offered tending to prove that prior thereto the defendant assaulted the plaintiff with a pistol and injured him.
The plaintiff does not claim punitive damages, but actual or compensatory damages only. A lunatic is liable in a civil action for any tort which he may commit. The proper measure of damages in an action against a lunatic for tort committed by him is compensation for the injuries sustained. It can not include punitive damages. McIntyre v.Sholty, 2 Am. St., 140.
In the foregoing case the lunatic shot and killed the deceased and his estate was held liable in damages. The court excluded the evidence of insanity in the case and the ruling of the trial court was affirmed. An insane person is just as responsible for his torts as a sane (415) person. Williams v. Hayes, 42 Amer. Reports, 743; 28 L.R.A., 153; Cooley on Torts, (3 Ed.), 171; Sherman Redfield on Negligence, sec. 122. Upon the same principle infants are held liable for their torts. Crump v. McKay, 53 N.C. 34; Smith v. Kron,96 N.C. 397.
It was, therefore, erroneous to admit evidence upon part of plaintiff that defendant was sane when he committed the act, unless plaintiff sought to have the jury impose smart money or punitive damages, which is not the case.
This error may have been cured by the charge of the court in directing the jury not to allow punitive damages, but we call attention to it so as to guide the court below on another trial, to the end that all such evidence be eliminated.
His Honor, however, permitted plaintiff to prove that the defendant was arrested in a criminal proceeding for this alleged assault upon plaintiff and further permitted the following question and answer:
Q. Mr. Redfearn, did you help to arrest Horne for the shooting of Fairley Moore? A. Yes, sir. *Page 339 
Q. What did he do — what was his condition on that occasion? A. Well, I was outside the store and I heard scuffling, and Horne was cursing and trying to get loose, and the officer that had him had his handcuffs out and asked me to put them on him, and I did. I can't recall his language very well, but he was cursing and abusing people, and was drunk. To all of which defendant in apt time objected and noted exceptions.
The admission of such evidence was entirely irrelevant to the matters at issue in this case and was well calculated to harm the defendant, who denies in the pleadings that he committed any assault upon the plaintiff.
The fact that he was arrested on a criminal warrant charging defendant with the very assault which is made the foundation of this action is incompetent here. It is no evidence that the defendant committed the assault as alleged in the complaint.
The conduct of the defendant in resisting arrest under the warrant is wholly foreign to the matters at issue in this civil action. The introduction of such incompetent evidence was well calculated to inflame and prejudice the minds of the jurors against the (416) defendant so as to possibly influence their judgment upon both issues submitted to them.
As the case is to be tried again it is needless to discuss the other assignments of error.
New trial.