### L. J. CHESTNUT v. ALBERT SUTTON.

(Filed 31 October, 1934.)

**1. Husband and Wife F a—**

Consent of the wife is not a defense to an action for alienation of her affections or for criminal conversation with her.

**2. Same—Misconduct of husband and his ill-treatment of wife is subordinate feature on issue of damages requiring request for instructions.**

In an action for alienation and criminal conversation it is not error for the trial court, in the absence of prayers for special instructions, to fail to charge the jury on the issue of damages that if they believe defendant's evidence with respect to plaintiff's misconduct and his ill-treatment of his wife, they should consider such facts in diminution of actual damages.

**3. Trial E e—**

A party desiring the judge to present a particular theory of the case, or a particular phase of the law applicable to his evidence, should offer a prayer for special instructions.

**4. Husband and Wife F a—**

In this action for alienation and criminal conversation the charge to the jury on the issue of actual damages is held to cover every phase of the law relied upon by defendant in minimizing damages, and to be without error on defendant's exception.

APPEAL by defendant from *Daniels, J.,* at April Term, 1934, of SAMPSON. No error.

This is an action to recover damages, both actual and punitive, for the alienation of the affections of plaintiff's wife by the defendant, and for his criminal conversation with her.

The issues submitted to the jury were answered as follows:

"1. Did the defendant Albert Sutton alienate the affections of the plaintiff's wife, as alleged in the complaint? Answer: 'Yes.'

"2. Did the defendant Albert Sutton have immoral relations with the plaintiff's wife, as alleged in the complaint? Answer: 'Yes.'

"3. What amount of actual damages, if any, is the plaintiff entitled to recover? Answer: '$1,200.'

"4. What amount of punitive damages, if any, is the plaintiff entitled to recover? Answer: '$400.00.' "

From judgment that plaintiff recover of the defendant the sum of $1,600, with interest and costs, the defendant appealed to the Supreme Court.

*J. D. Johnson, Jr., for plaintiff.*
*Butler & Butler for defendant.*

CONNOR, J. The facts alleged in the complaint are sufficient to constitute two causes of action, on either of which the plaintiff is entitled to recover of the defendant damages, both actual and punitive. *Cottle v. Johnson,* 179 N. C., 426, 102 S. E., 769. In that case it is said that the gravamen of the cause of action for the alienation of the affections of plaintiff's wife is the deprivation of the plaintiff of his conjugal rights to the society, affection and assistance of his wife, and that the gravamen of the cause of action for criminal conversation is the defilement of plaintiff's wife by the defendant. In neither case is the consent of the wife a defense to a recovery by the plaintiff of the damages which he has sustained as the result of the wrongful conduct of the defendant. On each of these causes of action the plaintiff is entitled to recover of the defendant his actual damages, and in a proper case the jury may award plaintiff, in addition to his actual damages, punitive damages. *Powell v. Strickland,* 163 N. C., 393, 79 S. E., 872.

The evidence offered by the plaintiff, and admitted without objection by the defendant, was sufficient to sustain the allegations of the complaint. This evidence, together with the evidence offered by the defendant, was submitted to the jury under a charge which is free from error. For this reason the judgment is affirmed.

The defendant contends that there was error in the failure of the judge to instruct the jury that if they should find certain facts with respect to the conduct of the plaintiff and his treatment of his wife, as the defendant's evidence tended to show, they should consider these facts in determining the amount of actual damages which the plaintiff is entitled to recover in this action. In the absence of requests by the defendant for such instructions, this contention cannot be sustained.

It is well settled as the practice in this State that if a party desires the judge to present a particular theory of the case, or a particular phase of the law applicable to the facts as the jury shall find them from the evidence, he should request the judge to do so by prayers for instruction tendered in apt time, and that unless this is done, he cannot raise the objection that the judge failed in his charge to instruct the jury with respect to such theory, or such phase of the law. McIntosh N. C. Prac. and Proc., p. 634, and cases cited.

9—207

This rule is applicable to the assignments of error in the instant case.

The instructions of the judge on the third issue presented to the jury every phase of the law relied upon by the defendant with respect to the minimizing of the damages which the plaintiff is entitled to recover in this action.

The defendant has had a fair and impartial trial of the issues raised by the pleadings, and must be content with the verdict of the jury and the judgment of the court. We find