## J. L. MARTIN v. L. B. CRESS.

(Filed 25 November, 1936.)

**Husband and Wife F a—**

> Testimony of the husband as to conversations between himself and his wife tending to show the relations between her and the defendant in a suit for alienating her affections is properly excluded as hearsay.

APPEAL by plaintiff from *Harding, J.,* at May Term, 1936, of MECKLENBURG. No error.

This is an action for the alienation by the defendant of the affections of plaintiff's wife.

Issues raised by the pleadings and submitted to the jury were answered adversely to the contentions of the plaintiff.

From judgment that he recover nothing by his action, the plaintiff appealed to the Supreme Court, assigning as error the exclusion by the trial court of testimony offered by the plaintiff as evidence.

*Carswell & Ervin and William Winter for plaintiff.*
*Kirkpatrick & Kirkpatrick for defendant.*

PER CURIAM. On his appeal to this Court, the plaintiff contends that there was error in the trial of this action in the exclusion by the trial court of testimony by the plaintiff as to conversations between him and his wife, with respect to conversations between her and the defendant, tending to show her relations with him. In support of this contention, the plaintiff cites and relies upon *Cottle v. Johnson,* 179 N. C., 426, 102 S. E., 769. In that case it was held that testimony by the plaintiff as to conversations between him and his wife were competent as evidence tending to show their relations to each other, both before and after their separation. In the instant case the testimony of the plaintiff was properly excluded as hearsay. The court was mindful of the caution contained in the opinion in the cited case. The distinction between the instant case and the cited case is obvious.

The contention of the plaintiff cannot be sustained. There was no error in the trial. The judgment is affirmed.

No error.