CURLEY BRYANT v. JOHN CARRIER AND J. HARVEY CARPENTER, GUARDIAN FOR JOHN CARRIER.

(Filed 28 September, 1938.)

**1. Insane Persons § 13: Damages § 7—**

An insane person is liable civilly for compensatory damages for his torts, but not for punitive damages.

**2. Damages § 11—Where defendant pleads insanity as bar to recovery of punitive damages, plaintiff is entitled to prove legal capacity.**

Where defendant, who had been adjudged insane and a guardian appointed prior to the institution of the action, pleads insanity as a bar to

the recovery of punitive damages, plaintiff is entitled to show, if he can, that at the time defendant had legal capacity to commit the acts alleged with such elements of aggravation as would justify the award of punitive damages.

**3. Evidence § 46—Witnesses testifying on question of sanity, may state facts showing their knowledge of the person in question.**

Where the sanity of defendant is in issue, it is competent for witnesses who have testified as to their opinion on the question, to state facts showing their knowledge of defendant and the basis for their opinion, and exception to the testimony of one such witness that he had arrested defendant for a misdemeanor, and of another witness that defendant had been tried in his court, *is held* not objectionable when properly confined by the trial court to the question of the witnesses' opportunity to observe defendant and to note his mental condition.

**4. Husband and Wife § 39—In action for criminal conversation, exclusion of evidence of character of woman with whom plaintiff was alleged to have had immoral relations, held not error.**

In this action for criminal conversation, the court excluded evidence of the general character and character for chastity of a woman with whom plaintiff was alleged to have had improper relations. *Held:* The exclusion of the evidence, even conceding its materiality, cannot be held prejudicial in view of the admission of other testimony to the same effect without objection.

**5. Husband and Wife § 41—**

In an action for criminal conversation it is not error for the court to fail to instruct the jury that it was necessary for plaintiff to show that he and his wife were living together at the time, or, if separated, that the separation was due to no fault of plaintiff, in the absence of a prayer for special instructions.

**6. Trial § 32—**

A party desiring specific instructions on a particular phase of the law applicable to the evidence should aptly tender request therefor.

**7. Husband and Wife §§ 37, 41—Consent of wife is no defense to action for criminal conversation.**

The consent of the wife is no defense to an action for criminal conversation, and an instruction that the jury should answer the issue in plaintiff's favor if they should find from the greater weight of the evidence that at the times alleged plaintiff and his wife were lawfully married, and that at such times defendant had sexual intercourse with her.

**8. Husband and Wife § 43—In action for criminal conversation, present value of future loss may be awarded upon supporting evidence.**

In an action for criminal conversation, an instruction that the jury might award the present value of prospective damages if they found that plaintiff's injury and loss would continue in the future is not error when there is evidence supporting the instruction.

**9. Husband and Wife § 40—**

Evidence in this action for criminal conversation *held* sufficient to overrule defendant's motion to nonsuit.

**10. Appeal and Error § 29—**

Exceptions not brought forward in appellant's brief are deemed abandoned. Rule 28.

APPEAL by defendants from *Ervin, Special Judge,* at June Term, 1938, of RUTHERFORD. No error.

Action for alienation of affections and criminal conversation. Issues submitted to the jury were answered as follows:

"1. Did the defendant John Carrier alienate the affections of the plaintiff's wife, as alleged in the complaint? Ans.: 'No.'

"2. Did the defendant John Carrier have immoral relations with the plaintiff's wife, as alleged in the complaint? Ans: 'Yes.'

"3. What amount of actual damages, if any, is the plaintiff entitled to recover of the defendant John Carrier? Ans.: '$1,000.'

"4. Did the defendant John Carrier have sufficient mental capacity at the times named in the complaint to entertain and act with a wrongful intent with respect to the matters complained of? Ans.: 'Yes.'

"5. What amount of punitive damages, if any, is the plaintiff entitled to recover from the defendant John Carrier? Ans.: '$500.' "

From judgment on the verdict defendants appealed, assigning errors.

*Hamrick & Hamrick for plaintiff, appellee.*

*Edwards & Edwards and McRorie & McRorie for defendants, appellants.*

DEVIN, J. The appellants' principal assignments of error relate to the rulings of the court below on matters of evidence and to his charge to the jury.

The exceptions to the admission of the testimony of a witness that he had arrested the defendant for some misdemeanor, and of another that the defendant had been tried in this court, cannot be sustained. One of the issues in the case involved the question of the mental capacity of defendant Carrier, in order to determine his liability for punitive damages. It was alleged in the answer that he was *non compos mentis,* and it was admitted on the trial that at some time previous to the matters alleged in the complaint he had been declared legally insane and a guardian appointed. While an insane person is civilly liable for his torts, this liability is for compensatory damages only, and does not include punitive damages. *Moore v. Horne,* 153 N. C., 413, 69 S. E., 409; *Ballinger v. Rader,* 153 N. C., 488, 69 S. E., 497; *Jewell v. Colby,* 66 N. H., 399; 32 C. J., 751. Hence, it was competent for the plaintiff to show, if he could, that the defendant Carrier was not insane at the

7—214

time of the wrongs complained of, but was mentally competent, and that he had legal capacity to commit the acts alleged with such elements of aggravation as would justify the award of punitive damages. The testimony of the witnesses objected to was in support of their expressed opinion that he was mentally capable. It is uniformly held competent for a witness when testifying as to the mental capacity of a person to state facts showing the witness' knowledge of the person and the basis for his opinion (*In re Brown,* 203 N. C., 347, 166 S. E., 72; *McLeary v. Norment,* 84 N. C., 235; Lockhart on Ev., sec. 206), and this evidence was by the court carefully restricted to the question of the witness' opportunity to observe the defendant and to note his mental condition. *S. v. Ray,* 212 N. C., 725, 194 S. E., 482. It may also be noted that testimony of other witnesses to similar effect was admitted without objection. *Thompson v. Buchanan,* 198 N. C., 278, 151 S. E., 861.

Appellants further excepted to the exclusion of testimony as to the general character and character for chastity of one Alice Surratt, with whom the plaintiff is alleged to have had improper relations. Alice Surratt was not offered as a witness by either side and did not go upon the stand, and it is not perceived how evidence of her character could be held material. Lockhart on Evidence, sec. 187. However, the testimony of numerous witnesses as to the conduct of plaintiff with her was admitted without objection. 30 C. J., 1164.

Appellants excepted to the charge of the court for the reason that it failed to instruct the jury that it was necessary for plaintiff to show that plaintiff and his wife were living together at the time of the alleged criminal conversation, or, if separated, that the separation was not due to the fault of the plaintiff. There was no request that this instruction be given, and there was evidence that the intercourse occurred before the separation, but appellants contend the court should have so charged without formal prayer. "It is well settled as the practice in this State that if a party desires the judge to present a particular theory of the case, or a particular phase of the law applicable to the facts as the jury shall find them from the evidence, he should request the judge to do so by prayers for instruction tendered in apt time, and that unless this is done, he cannot raise the objection that the judge failed in his charge to instruct the jury with respect to such theory, or such phase of the law." *Chestnut v. Sutton,* 207 N. C., 256, 176 S. E., 743.

The court charged the jury, "If the plaintiff has satisfied you from the evidence and by the greater weight thereof, that at the times alleged in the complaint the plaintiff was lawfully married to Effie Bryant, and that during the existence of such marriage between plaintiff and Effie Bryant the defendant John Carrier had sexual intercourse with

plaintiff's wife, Effie Bryant, then you will answer the second issue 'Yes.'" The instruction of the court upon this issue was in accord with the decisions in this jurisdiction embodying the applicable principles of law relating to actions for criminal conversation. In *Cottle v. Johnson,* 179 N. C., 426, 102 S. E., 769, it was said: "The authorities show the husband has certain personal and exclusive rights with regard to the person of his wife, which are interfered with and invaded by criminal conversation with her; that such an act on the part of another man constitutes an assault even when, as is almost universally the case as proved, the wife in fact consents to the act; because the wife is in law incapable of giving any consent to affect the husband's right as against the wrongdoer."

"The gravamen of the cause of action for criminal conversation is the defilement of plaintiff's wife by the defendant." *Chestnut v. Sutton,* 207 N. C., 256, 176 S. E., 743. The consent of the wife is no defense.

"The mere fact of separation will not bar an action for criminal conversation occurring during separation." 30 C. J., 1156; *Cross v. Grant,* 62 N. H., 675, 13 R. C. L., 1488.

The exception to the charge of the court on this point cannot be sustained.

The exception to the court's instruction to the jury, that if they found the plaintiff's injury and loss would continue in the future they should award the present value of such prospective damages as they found would accrue, cannot be sustained. While compensation cannot be based upon a mere conjectural probability of future loss (17 C. J., 764), here there was evidence to justify the instruction to which the exception was noted. "If it appears that the estrangement (between husband and wife) or its effects will be permanent, or will continue for some time in the future, the damages must cover this once and for all." McCormick on Damages, 409; *Riggs v. Smith,* 62 Idaho, 43; 17 C. J., 762; 30 C. J., 1148.

The defendant's motion for judgment of nonsuit was properly denied. There was sufficient evidence of criminal conversation between defendant Carrier and plaintiff's wife to warrant the submission of the case to the jury. Other exceptions noted by defendants during the trial were not brought forward in their brief and are deemed abandoned. Rule 28.

In the trial we find

No error.