W. G. BARKER v. E. P. DOWDY.

(Filed 5 May, 1943.)

**1. Husband and Wife §§ 34, 38—**

Connivance of the husband in the adultery of his wife constitutes a defense to an action for criminal conversation, and equally so to an action for the alienation of her affections.

**2. Husband and Wife §§ 33, 38, 40—**

In an action for damages by the husband against defendant for criminal conversation and alienation of his wife's affections, where the complaint alleges facts sufficient to constitute a cause of action, but admits that for six months plaintiff continued to live with his wife, protested and pleaded with her to live properly, which she refused, and alleges further that she is now living with defendant in adultery on his farm, a demurrer to the complaint was properly overruled.

BARKER *v.* DOWDY.

APPEAL by defendant from *Armstrong, J.,* at January Term, 1943, of MOORE. Affirmed.

This was an action for damages for criminal conversation and alienation of affections. Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. Demurrer was overruled and defendant appealed.

*Mosley G. Boyette for plaintiff, appellee.*
*K. R. Hoyle for defendant, appellant.*

DEVIN, J. The complaint describes the tortious conduct of the defendant and sets out sufficient facts to constitute a cause of action for criminal conversation with plaintiff's wife, and also for the alienation of her affections. *Bryant v. Carrier,* 214 N. C., 191, 198 S. E., 619; *Chestnut v. Sutton,* 207 N. C., 256, 176 S. E., 743; *Cottle v. Johnson,* 179 N. C., 426, 102 S. E., 769.

The demurrer, however, is based on the view that it appears on the face of the complaint that the plaintiff, with knowledge of the adulterous relations between the defendant and his wife, continued for some months to cohabit with her. This admission in the complaint is urged not as a condonation, such as might defeat an action for divorce (*Blakely v. Blakely,* 186 N. C., 351, 119 S. E., 485), but as showing connivance, active or passive, on the part of the plaintiff, in the wrongful conduct of the defendant.

While the connivance of the husband in the adultery of the wife would constitute a defense to an action for criminal conversation, and equally so to an action for the alienation of her affections (27 Am. Jur., 139), the allegations of the complaint in this action are not open to successful attack on this ground. The complaint cannot be overthrown by a demurrer. The plaintiff alleges that the matters and things complained of were carried on over his protest and against his will; that he pleaded with his wife to give up the defendant and live properly as a dutiful wife; that he had to leave the home in which they had lived, and that she refused to go with him, and that defendant is now living in adultery with her on the defendant's farm, the defendant furnishing her money.

A number of cases from other jurisdictions were cited by the appellant in support of his position, but we do not think the admissions in the complaint here are sufficient to defeat the plaintiff's action on the ground asserted in the demurrer.

The judgment overruling the demurrer is
Affirmed.