BILLY WYATT SCOTT v. WILLIAM L. KIKER, III

No. 8112SC1362

(Filed 16 November 1982)

1. **Husband and Wife § 28— criminal conversation—competency of husband to testify about ex-wife's adultery**

    Since plaintiff's ex-wife was not a party to an action for criminal conversation and alienation of affections, nothing prohibited plaintiff from testifying about her adultery. G.S. 8-56.

2. **Appeal and Error § 24; Husband and Wife § 28— testimony concerning private conversation with ex-wife—failure of defendant to object**

    Plaintiff's ex-wife could have prevented plaintiff from testifying about a private conversation under G.S. 8-56; however, defendant waived his privilege when he failed to object to the testimony. App. Rule 10(b)(1).

3. **Husband and Wife §§ 26, 29— alienation of affections and criminal conversation—instructions concerning damages**

    Where a jury found both actual and punitive damages in an action for alienation of affections and criminal conversation, the trial judge's failure to instruct the jury that they must find actual damages before awarding punitive damages was not prejudicial error.

4. **Husband and Wife §§ 26, 29— alienation of affections and criminal conversation —compensatory damages not based on pecuniary loss**

    In actions for criminal conversation and alienation of affections, compensatory damages need not be based on pecuniary loss; therefore, because plaintiff had a better paying job after his divorce did not necessarily diminish his suffering from losing his wife, and the trial court properly denied defendant's motion to set aside the award of damages.

5. **Husband and Wife § 26— alienation of affections—instructions concerning malice and punitive damages proper**

    In an action for alienation of affections the trial judge's instructions concerning the need to find circumstances of aggravation in addition to the malice implied by law in order to award punitive damages were correct.

6. **Husband and Wife § 29— criminal conversation—plaintiff's infidelity no effect on entitlement to damages**

    Infidelity, *per se*, does not prevent plaintiff from collecting damages for defendant's criminal conversation but is a factor to reduce plaintiff's damages.

7. **Husband and Wife §§ 25, 28— alienation of affections and criminal conversation —sufficiency of evidence**

    In an action for alienation of affections and criminal conversation, the evidence was sufficient to withstand a motion for a directed verdict where plaintiff introduced evidence of the love and affection in his marriage which continued until defendant interfered by allowing plaintiff's wife to visit him every night, knowing that it would affect plaintiff's marriage.

8. **Husband and Wife §§ 24.1, 28— alienation of affections and criminal conversation—spouse's consent not a defense**

    In neither alienation of affections nor criminal conversation is the consent of the wife a defense to recovery by the plaintiff of the damages which he had sustained as the result of the wrongful conduct of the defendant.

APPEAL by defendant from *Clark (Giles R.), Judge.* Judgment entered 19 May 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 23 September 1982.

This is an action for alienation of affections and criminal conversation. Plaintiff, who was married in 1957, met defendant when they were stationed in Korea. Plaintiff and defendant continued to be good friends after they were reassigned to Fort Bragg, North Carolina in 1977. Plaintiff testified that before he went to Korea, he had a close and loving relationship with his wife, and they had a healthy sex life until the spring of 1978.

In July 1978, plaintiff saw his wife's car parked in defendant's driveway. He looked through the window in the front door and did not see anyone. He became hysterical, broke the

window, and opened the door. He saw defendant, nude, run out of the bedroom, and he saw his wife getting dressed. According to plaintiff, defendant handed him a shotgun and said, "if you don't believe we're in love, shoot me." Plaintiff was going to shoot defendant, they started fighting, then defendant told plaintiff that the gun was not loaded. Plaintiff's wife went home with him. She told him that she had made a mistake, and she was sorry. Plaintiff forgave her.

The morning of 21 August 1978, plaintiff followed his wife to work. He saw his wife park her car next to defendant's car in the hospital parking lot. Defendant was in his car. Plaintiff tried to run his truck through defendant's car. Then he tried to kill defendant by attacking him with a baseball bat. He was arrested and put in jail. After that incident, plaintiff's wife visited defendant every night. Plaintiff and his wife started seeing a marriage counselor regularly. In October 1978, plaintiff's wife moved into an apartment. She returned home for one day in December and then moved into defendant's house. In March 1980, plaintiff and his wife were divorced, and she married defendant.

In January 1980, plaintiff got a job with a life insurance company. He earned about $16,000.00. He also received $15,500.00 in military retirement pay.

Plaintiff's ex-wife testified that plaintiff had a drinking problem ever since they were married. She said that plaintiff had not been interested in sex since he returned from Korea. After July 1978, plaintiff would keep her awake all night talking, and he would follow her to work all the time.

She testified that defendant's house was divided into two apartments. In December 1978, she moved into one of the apartments, while he lived in the other apartment. She paid him $250.00 per month rent. She did not have sex with him until they married.

Defendant testified that he did not kiss plaintiff's ex-wife until October 1978 when they began to talk about marriage. They did not have sex prior to their marriage.

The jury awarded plaintiff $25,000.00 actual damages and $25,000.00 punitive damages.

*Reid, Lewis and Deese, by Marland C. Reid and Renny W. Deese, for plaintiff appellee.*

*Jack E. Carter, for defendant appellant.*

VAUGHN, Judge.

Alienation of affections and criminal conversation are tort actions. Elements of an action for alienation of affections are: the marriage, the loss of affection, the wrongful and malicious conduct of defendant, and a causal connection between such loss and conduct. Criminal conversation is adultery. The cause of action is based on the violation of the fundamental right to exclusive sexual intercourse between spouses. *Sebastian v. Kluttz*, 6 N.C. App. 201, 170 S.E. 2d 104 (1969).

[1] Defendant's first argument is that the trial court erred by allowing plaintiff to testify about his ex-wife's adultery, in violation of G.S. 8-56. We do not agree. According to G.S. 8-56, spouses are competent and compellable to testify as witnesses in civil actions, except "[n]othing herein shall render any husband or wife competent or compellable to give evidence *for or against the other* in any action or proceeding in consequence of adultery, or . . . criminal conversation. . . ." (Emphasis added.) Since plaintiff's ex-wife was not a party to the action, nothing prohibited plaintiff from testifying about her adultery. In *Powell v. Strickland*, 163 N.C. 393, 79 S.E. 872 (1913), the Supreme Court held that a husband was competent to testify as a witness in his own behalf to the adultery of his wife in an action for criminal conversation and alienation of affections. *Accord, Golding v. Taylor*, 23 N.C. App. 171, 208 S.E. 2d 422, *cert. denied*, 286 N.C. 334, 210 S.E. 2d 57 (1974).

[2] Defendant also contends that the trial court erred in allowing plaintiff to testify about a private conversation with his ex-wife. A spouse shall not "be compellable to disclose any confidential communication made by one to the other during their marriage." G.S. 8-56. The nonwitness spouse holds the privilege and may prevent the witness spouse from testifying about confidential communications. *Hicks v. Hicks*, 271 N.C. 204, 155 S.E. 2d 799 (1967). Defendant, however, waived his privilege because he failed to object to the testimony, and he cannot raise it on appeal. Rule 10(b)(1), Rules of Appellate Procedure.

[3] Defendant's second argument is that the trial court erred in failing to instruct the jury that they must find actual damages before awarding punitive damages. Since the causes of action of alienation of affections and criminal conversation were so intertwined, the court properly submitted only one issue of compensatory damages and one issue of punitive damages to the jury. *Sebastian v. Kluttz, supra.* Punitive damages may not be awarded unless compensatory damages are awarded. *Phillips v. Universal Underwriters Ins. Co.,* 43 N.C. App. 56, 257 S.E. 2d 671 (1979). Since the jury found both actual and punitive damages there was no error, even though the trial judge failed to instruct the jury that they must find actual damages before awarding punitive damages.

[4] Defendant's third argument is that the trial court erred by not allowing his motion to set aside the award of damages because plaintiff failed to show that he suffered any pecuniary loss since his income increased after his divorce. Defendant is mistaken in his belief that compensatory damages must be based on pecuniary loss. In determining compensatory damages, the jury may also consider the loss of consortium, humiliation, shame, mental anguish, loss of sexual relations, and the disgrace the tortious acts of defendant have brought. *See Powell v. Strickland, supra; Sebastian v. Kluttz, supra.* Merely because plaintiff had a better paying job after the divorce does not necessarily diminish his suffering from losing his wife.

[5] Defendant argues that the trial judge inferred to the jury that if they found the requisite malice for alienation of affections, they must find punitive damages. This is not true. To find punitive damages, plaintiff must show circumstances of aggravation in addition to the malice implied by law which was necessary to prove compensatory damages. *Heist v. Heist,* 46 N.C. App. 521, 265 S.E. 2d 434 (1980). The judge instructed the jury that to find alienation of affections, they must find either "adultery or that defendant acted maliciously. Malice is a disposition to do wrong without legal excuse." Punitive damages, the trial judge correctly instructed, "are not allowed as a matter of course, but they may be awarded only when there are some features of aggravation, as when the act is done wilfully and evidences a reckless and wanton disregard of plaintiff's rights."

[6]  Defendant contends that since plaintiff admitted that he was unfaithful to his wife, he should not be entitled to damages for criminal conversation because the cause of action for criminal conversation is based on the violation of exclusive sexual intercourse between spouses. We do not agree. The impairment of plaintiff's relationship with his wife that was due to his infidelity was merely a factor to reduce his damages. The trial judge correctly instructed the jury: "If the marital relationship between . . . [plaintiff and his wife] was already strained or impaired, then the amount of damages should be reduced accordingly." Infidelity, *per se*, does not prevent plaintiff from collecting damages for defendant's criminal conversation. For example, in *Sebastian v. Kluttz, supra*, the evidence showed that plaintiff's husband was a heavy drinker and had been unfaithful. The Court held that the husband's past activity may have been a contributing factor to their separation, but defendant's conduct was the controlling and effective cause.

[7]  Defendant's fourth argument is that the trial judge erred in failing to grant defendant's motion for nonsuit. G.S. 1-183 [repealed in 1967, effective 1 January 1970], provided for the motion for judgment as of nonsuit at the close of plaintiff's evidence. Today, we use a motion for directed verdict pursuant to G.S. 1A-1, Rule 50(a). When a motion for directed verdict is made at the close of plaintiff's evidence, the trial judge must determine whether the evidence, taken in the light most favorable to plaintiff, and giving plaintiff the benefit of every reasonable inference, was sufficient to withstand defendant's motion for directed verdict. *Sawyer v. Shackleford*, 8 N.C. App. 631, 175 S.E. 2d 305 (1970).

    To sustain a cause of action for alienation of affections, plaintiff must show that: (1) he and his wife were happily married and a genuine love and affection existed between them; (2) the love and affection was alienated and destroyed; and (3) the wrongful and malicious acts of defendant produced the alienation of affection. *Heist v. Heist, supra*.

    Plaintiff introduced ample evidence of the love and affection in his marriage which continued until defendant interfered by allowing plaintiff's wife to visit him every night, knowing that it would affect plaintiff's marriage. Defendant contends that plaintiff failed to prove that defendant attempted to lure plaintiff's

wife. Luring is not required. Defendant's wrongful conduct need only be the controlling or effective cause of the alienation. *Sebastian v. Kluttz, supra.* Direct proof is not required to show adultery in a criminal conversation action. *Powell v. Strickland, supra.* Clearly, there was sufficient circumstantial evidence of adultery to withstand a motion for directed verdict.

Defendant's fifth argument is that the trial court erred in admitting plaintiff's officer efficiency reports because they are hearsay. These documents, however, were offered to corroborate plaintiff's testimony, not as substantive evidence. Defendant should have requested a limiting instruction. Absent such request, failure to give a limiting instruction is not error. *State v. Sauls,* 291 N.C. 253, 230 S.E. 2d 390 (1976), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed. 2d 226 (1977). *See* 1 Brandis on North Carolina Evidence § 52 (1982).

Defendant's next two arguments are based on his contention that the alienation of affections and criminal conversation causes of action should be abolished. These arguments were not addressed to the trial court and are not reviewable on appeal. Rule 10(a), Rules of Appellate Procedure.

[8] Defendant's last argument is that the court erred in failing to instruct the jury that consent of plaintiff's wife is a defense to criminal conversation and alienation of affections. This argument is wholly without merit. "In neither case [alienation of affections nor criminal conversation] is the consent of the wife a defense to a recovery by the plaintiff of the damages which he has sustained as the result of the wrongful conduct of the defendant." *Chestnut v. Sutton,* 207 N.C. 256, 257, 176 S.E. 743, 743 (1934).

We have carefully reviewed defendant's assignments of error and find no error.

No error.

Judges WEBB and WELLS concur.