CHARLES ALLEN BROWN, Plaintiff-Appellee v. MICHAEL ALTON HURLEY, Defendant-Appellant

No. COA95-1253

(Filed 5 November 1996)

**Husband and Wife § 50 (NCI4th); Pleadings § 63 (NCI4th)— pleadings well-grounded in law and fact—pleadings not interposed for improper purpose—sanctions properly denied**

The trial court properly found that plaintiff's pleadings were well-grounded in law, well-grounded in fact, and not interposed for an improper purpose, and the court therefore properly denied defendant's Rule 11 motion for sanctions where: (1) plaintiff's claim for criminal conversation was facially plausible, as there was an actual marriage between plaintiff and his wife, and he alleged sexual intercourse between his wife and defendant after separation but during marriage; (2) plaintiff's claim for alienation of affections was facially plausible, as the evidence tended to show that plaintiff and his wife continued to have an amorous relationship after their separation, but it began to deteriorate shortly after the wife became involved with defendant; (3) a factual basis existed for both claims, as the evidence showed that plaintiff personally observed defendant staying overnight at the wife's apartment, kissing her, and going out of town with her; plaintiff hired a private investigator who documented the facts; and plaintiff thus made a reasonable inquiry into the facts; and (4) plaintiff's pleadings were not interposed for an improper purpose where he deposed defendant and his wife, served subpoenas on them requesting production of receipts and other documents, served defendant with a request for admissions, and otherwise took reasonable steps in an attempt to develop evidence in support of his cause of action.

**Am Jur 2d, Husband and Wife §§ 269-289; Pleading §§ 26, 339.**

**Element of causation in alienation of affections action. 19 ALR2d 471.**

**Condonation or forgiveness of spouse as affecting liability for alienation of affections. 38 ALR2d 1234.**

**What statute of limitations governs an action for alienation of affections. 46 ALR2d 1086.**

Appeal by Defendant from Order entered 10 May 1995 by Judge Donald R. Huffman in Guilford County Superior Court. Heard in the Court of Appeals 26 August 1996.

*Edward P. Hausle, P.A., by Edward P. Hausle, for Defendant-Appellant.*

*Stephen E. Lawing for Plaintiff-Appellee.*

WYNN, Judge.

Defendant Michael Alton Hurley appeals from an order entered 10 May 1995 denying his motion for sanctions under N.C. Gen. Stat. § 1A-1, Rule 11 (1990) against plaintiff Charles Allen Brown.

The trial court made the following findings of fact: Plaintiff married Deborah T. Brown on 28 December 1985. In June 1992, Mrs. Brown left the marital residence, stating that she needed time to herself to think but that she would be back. In the three months following their separation, the Browns continued to engage in activities which plaintiff believed were aimed at a reconciliation of the marriage. For example, Mrs. Brown continued to provide plaintiff with "anniversary" cards (the couple had celebrated the 28th day of each month as the anniversary of their marriage), go out to dinner with him, and take vacations with him at the beach. However, on 8 October 1992, Mrs. Brown presented plaintiff with a separation agreement. Plaintiff asserts that this was the first time that she made it known to him that she was not returning to the marriage. Thereafter, plaintiff began making some investigations, and on the morning of 23 October 1992, he discovered an automobile in front of Mrs. Brown's apartment that he later identified as belonging to defendant, a co-worker of Mrs. Brown.

On 28 January 1993, plaintiff and Mrs. Brown executed a separation and property settlement agreement, which stated that it was to be effective 27 June 1992, the agreed date upon which they separated. Subsequently, plaintiff sued defendant seeking damages for alienation of affections and for criminal conversation. He alleged that he was unable to save his marriage because of defendant's interference.

In April 1993, defendant admitted at his deposition to having a sexual relationship with Mrs. Brown, but that it only began in October of 1992 after her separation from plaintiff. In May 1993, defendant moved to dismiss the action for failure to state a claim and for summary judgment, both on the ground that there was no evi-

dence of a relationship between defendant and Mrs. Brown until after she separated from plaintiff. The trial court denied both motions.

This action came on for trial on 21 February 1994. Prior to the empaneling of a jury, defendant moved *in limine* to prohibit evidence of a post-separation relationship between defendant and plaintiff's wife. The trial court granted that motion, ordering:

> "[plaintiff] . . . not to offer any evidence concerning alienation of affections for anything that occurs after June 27, 1992, the date that irreconcilable differences separated the parties. And as far as the criminal conversation is concerned it would seem that would go up through and to January 28, 1983 (sic). I sustain any objection to evidence offered after that date, which is the date of the agreement, . . ."

The judge later changed his ruling to make 27 June 1992 the cut-off date for both claims. Plaintiff then conceded that he had no evidence of any pre-separation conduct and judgment was directed in defendant's favor. Plaintiff gave notice of appeal from the order granting the motion *in limine* and the directed verdict. However, the appeal was not perfected and was subsequently dismissed.

Defendant moved for Rule 11 sanctions against plaintiff and his counsel on 6 March 1995; thereafter, plaintiff filed his own Rule 11 motion. Both motions were denied and the parties appealed. However, plaintiff subsequently withdrew his appeal.

---

The issues on appeal are whether the trial court erred in finding that plaintiff's pleadings were (I) well-grounded in law; (II) well-grounded in fact; and (III) not interposed for an improper purpose.

We note at the outset that our Supreme Court has adopted the following standard for appellate review of the granting or denial of motions to impose sanctions under Rule 11(a):

> The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence.

*Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

## I.

We first look at whether the trial court erred in finding that plaintiff's pleadings were well-grounded in law. To satisfy the legal sufficiency prong of Rule 11, the pleading must be "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, . . ." N.C.G.S. § 1A-1, Rule 11(a) (1990). There is a two-part analysis to determine whether a pleading satisfies the legal sufficiency requirement of Rule 11. First, the court must determine whether the pleading is facially plausible. *Bryson v. Sullivan*, 330 N.C. 644, 661, 412 S.E.2d 327, 336 (1992). If the paper is facially plausible, then the inquiry is complete and sanctions are inappropriate. If the paper is not facially plausible, then the second inquiry is whether to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, the complaint was warranted by existing law. *Id.* Defendant contends that to substantiate his claims for alienation of affections and criminal conversation, existing law required plaintiff to establish that defendant and Mrs. Brown engaged in a preseparation relationship. He further contends that Rule 11 sanctions were appropriate in this case because plaintiff was aware that such evidence did not exist. We disagree.

The elements of criminal conversation are the actual marriage between the spouses and sexual intercourse between defendant and the plaintiff's spouse during the coverture. *Gray v. Hoover*, 94 N.C. App. 724, 381 S.E.2d 472, *disc. rev. denied*, 325 N.C. 545, 385 S.E.2d 498 (1989). The mere fact of separation will not bar an action for criminal conversation occurring during the separation. *Bryant v. Carrier*, 214 N.C. 191, 198 S.E. 619 (1938). Thus, under *Bryant*, the court's ruling with respect to criminal conversation was clearly correct.

In an action for alienation of affections, the plaintiff must show that (1) the parties to the marriage were happily married and that genuine love and affection existed between them; (2) that such love and affection was alienated and destroyed; and (3) that the wrongful and malicious acts of the defendant brought about the loss and alienation of such love and affection. *Gray v. Hoover*, 94 N.C. App. at 727, 381 S.E.2d at 473. The plaintiff does not have to prove that his spouse had no affection for anyone else or that their marriage was previously one of "untroubled bliss"; he only has to prove that his spouse had

*some* genuine love and affection for him and that love and affection was lost as a result of defendant's wrongdoing. *Shaw v. Stringer*, 101 N.C. App. 513, 516, 400 S.E.2d 101, 103 (1991). Furthermore, while a husband and wife separating appears to contradict any assertions of a "happy marriage," this Court has held that the mere fact of separation does not establish a lack of "genuine love and affection" as a matter of law. *See Canon v. Miller*, 71 N.C. App. 460, 468-69, 322 S.E.2d 780, 787 (1984), *vacated on other grounds*, 313 N.C. 324, 327 S.E.2d 888 (1985).

In the instant case, plaintiff's claim for alienation of affections was also facially plausible. The trial court found and the record establishes that plaintiff and Mrs. Brown continued to have an amorous relationship after their separation, and that Mrs. Brown's feelings for plaintiff began to deteriorate shortly after she became involved with defendant.

Defendant argues that plaintiff was aware that he could only present pre-separation evidence to support his claim for alienation of affections because he and Mrs. Brown specifically contracted that the separation agreement would be effective as of the date of their separation, rather than as of the date of the document's execution. However, we find that there was sufficient evidence to support the trial court's ruling that there was no "meeting of the minds" between plaintiff and Mrs. Brown as to whether the date of separation was to be the effective date for *all* purposes. The Court noted that (1) plaintiff insisted on the addition of a paragraph in the separation agreement preserving his claims for alienation of affections and criminal conversation and (2) there was no evidence that either party in any way abided by the terms of the agreement prior to the date it was actually signed. Thus, we affirm the trial court's determination that sanctions were inappropriate under the legal sufficiency prong of Rule 11.

## II.

We look next at whether plaintiff's pleadings were factually sufficient. Under Rule 11, the signer certifies that the pleading is well-grounded in fact. N.C.G.S. § 1A-1, Rule 11(a). "In analyzing whether a complaint meets the factual certification requirement, the court must make the following determinations: (1) whether the plaintiff undertook a reasonable inquiry into the facts and (2) whether the plaintiff after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact." *McClerin v. R-M*

*Industries, Inc.*, 118 N.C. App. 640, 644, 456 S.E.2d 352, 355 (1995) (citation omitted).

In the instant case, we affirm the trial court's ruling that a factual basis existed for both of plaintiff's claims. The trial court found and the record establishes that before he filed his complaint, plaintiff personally observed the defendant staying over night at Mrs. Brown's apartment, kissing Mrs. Brown on several occasions, and going out of town with her. In addition, plaintiff hired a private investigator in December of 1992 who documented many instances of defendant spending the night with plaintiff's wife and photographed defendant kissing Mrs. Brown. We conclude that the evidence in this case supports the trial court's ruling that sanctions were not appropriate under this prong of Rule 11 because plaintiff made a reasonable inquiry into the facts.

### III.

Finally, we look at whether the trial court erred in finding that plaintiff's pleadings were not interposed for an improper purpose. Even if a complaint is well-grounded in fact and in law, it may nonetheless violate the improper purpose prong of Rule 11. *Bryson v. Sullivan*, 330 N.C. at 663, 412 S.E.2d at 337. An improper purpose is "any purpose other than one to vindicate rights . . . or to put claims of right to a proper test." *Mack v. Moore*, 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992) (quoting Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse § 13(C) (Supp. 1992)). In other words, a party "will be held responsible if his evident purpose is to harass, persecute, otherwise vex his opponents or cause them unnecessary cost or delay." *Bryson v. Sullivan*, 330 N.C. at 663, 412 S.E.2d at 337. An objective standard is used to determine the existence of an improper purpose, with the burden on the movant to prove such improper purpose. *Id.*

In the instant case, the record on appeal indicates that there was sufficient evidence to support the trial court's determination that plaintiff's actions, looked at in their entirety, did not indicate that he maintained his suit for an improper purpose. For example, plaintiff: (1) deposed defendant and Mrs. Brown; (2) served subpoenas upon defendant and Mrs. Brown requesting production of telephone records, gasoline card records, credit card statements, hotel records, and other documents; (3) served defendant with a request for admissions; (4) moved the court to compel defendant to comply with his discovery requests (which was granted); and (5) hired a private inves-

tigator. The court concluded that these were all reasonable steps in plaintiff's attempt to develop evidence in support of his cause of action. Therefore, we must uphold the trial court's decision to not impose sanctions under this last prong of Rule 11.

For the foregoing reasons, the order of the trial court is,

Affirmed.

Judges JOHNSON and LEWIS concur.