KENNETH J. JOHNSON, Plaintiff v. DALLAS M. PEARCE, Defendant

No. COA01-47

(Filed 28 December 2001)

**Criminal Conversation— post-separation conduct—divorce and alienation of affections distinguished**

The trial court did not err by concluding that a criminal conversation claim may be based solely on post-separation conduct. The 1995 amendments to N.C.G.S. § 50-16.1A(3) dealt with divorce and alimony and do not concern criminal conversation, and *Pharr v. Beck* dealt solely with alienation of affections.

Appeal by defendant from judgment entered 6 October 2000 by Judge James C. Spencer in Wake County Superior Court. Heard in the Court of Appeals 5 November 2001.

*H. Wood Vann for the plaintiff-appellee.*

*Smith Debnam Narron Wyche Story & Myers, LLP, by John W. Narron and Nina G. Kilbride; Daughtry, Woodard, Lawrence & Starling, LLP, by Stephen C. Woodard, Jr.; Vernon, Vernon, Wooten, Brown, Andrews & Garrett, P.A., by Wiley P. Wooten; Morgenstern & Donuomo, P.L.L.C., by Barbara R. Morgenstern; James, McElroy & Diehl, P.A., by William K. Diehl, Jr.; Reid, Lewis, Deese, Nance & Person, by Renny W. Deese; Davis & Harwell, by Joslin Davis; and Sally Burnett Sharp, for the defendant-appellant.*

EAGLES, Chief Judge.

Dallas M. Pearce ("defendant") appeals from the trial court's judgment awarding Kenneth J. Johnson ("plaintiff") $3,000.00 for defendant's criminal conversation with plaintiff's wife. The sole issue on appeal is whether the trial court erred in granting plaintiff's motion for directed verdict and finding that post-separation conduct may be the basis for a criminal conversation claim. After careful review, we hold that a criminal conversation claim may be based solely on post-separation conduct.

At trial, the evidence tended to show that plaintiff married Rhonda Mitchell on 14 September 1991. In 1994, the couple began to have marital difficulties. In December 1996, Ms. Mitchell began telephoning defendant, a member of her church. The two soon became close friends. On 14 July 1997, plaintiff discovered that Ms. Mitchell was regularly calling defendant, and he confronted Ms. Mitchell. An argument ensued, and the next day, 15 July 1997, Ms. Mitchell left the marital home. Ms. Mitchell and defendant began dating in December 1997. The two did not engage in sexual intercourse until January 1998, approximately five months after plaintiff and Ms. Mitchell separated.

On 1 June 1998, plaintiff filed a complaint against defendant alleging alienation of affections and criminal conversation. A non-jury trial was held during the 11 September 2000 Civil Session of Wake County Superior Court, the Honorable James C. Spencer presiding. At the close of all evidence, plaintiff made a motion for a directed verdict on the issue of criminal conversation, and the trial court granted the motion. Thereafter, Judge Spencer entered judgment concluding that defendant did not alienate the affections of Ms. Mitchell, that defendant did commit criminal conversation with plaintiff's wife, and that plaintiff was entitled to recover $3,000.00 in damages from defendant. Defendant appeals.

"Criminal conversation is adultery. The cause of action is based on the violation of the fundamental right to exclusive sexual intercourse between spouses." *Scott v. Kiker*, 59 N.C. App. 458, 461, 297 S.E.2d 142, 145 (1982). "[T]he gravamen of the cause of action . . . is the defilement of plaintiff's wife by the defendant." *Chestnut v. Sutton*, 207 N.C. 256, 257, 176 S.E. 743, 743 (1934). The elements of the tort "are the actual marriage between the spouses and sexual intercourse between defendant and the plaintiff's spouse during the

coverture." *Brown v. Hurley*, 124 N.C. App. 377, 380, 477 S.E.2d 234, 237 (1996).

Our Supreme Court, and this Court following its lead, have made it abundantly clear that " '[t]he mere fact of separation will not bar an action for criminal conversation occurring during separation.' " *Bryant v. Carrier*, 214 N.C. 191, 195, 198 S.E. 619, 621 (1938) (quoting 30 C.J. 1156); *see also Brown*, 124 N.C. App. at 380, 477 S.E.2d at 237; *Cannon v. Miller*, 71 N.C. App. 460, 465, 322 S.E.2d 780, 785 (1984), *vacated by*, 313 N.C. 324, 327 S.E.2d 888 (1985). Here, the evidence showed that defendant and plaintiff's wife engaged in sexual intercourse during the coverture. Thus, the facts conclusively establish defendant's criminal conversation with plaintiff's wife.

On appeal, defendant contends that a 1995 amendment to Chapter 50 (Divorce and Alimony) of our General Statutes supports a holding that post-separation conduct is not actionable as criminal conversation. We disagree.

In 1995, the General Assembly amended G.S. § 50-16.1A(3) and redefined "marital misconduct" as including only those "acts that occur during the marriage and prior to or on the date of separation." *See* 1995 N.C. Sess. Laws ch. 319, § 2. Consequently, our divorce and alimony statutes currently permit only consideration of "incidents of post date-of-separation marital misconduct as corroborating evidence supporting other evidence that marital misconduct occurred during the marriage and prior to [the] date of separation." G.S. § 50-16.3A(b)(1). Nevertheless, these 1995 amendments deal strictly with the law as it applies to divorce and alimony. These amendments do not concern, nor do they even refer to, the tort of criminal conversation. Accordingly, we hold that post-separation conduct is sufficient to establish a claim for criminal conversation.

We are aware that this Court recently relied on the 1995 amendments to G.S. §§ 50-16.1A(3) and 50-16.3A(b)(1) in holding that "an alienation of affection claim must be based on pre-separation conduct, and post-separation conduct is admissible only to the extent it corroborates pre-separation activities resulting in the alienation of affection." *Pharr v. Beck*, 147 N.C. App. 268, 273, 554 S.E.2d 851, 855. However, since *Pharr* dealt solely with alienation of affections, we are not bound by that panel's *dicta* stating that "the same principles would apply in a criminal conversation case." *Id.* at 273 n.4, 554 S.E.2d at 855.

We note that this is a controversial area in the legislative arena. However, our Supreme Court has made it clear that the tort of criminal conversation exists in our State. *See Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888. Only our General Assembly and Supreme Court have the authority to abrogate or modify a common law tort. *See State v. Lane*, 115 N.C. App. 25, 30, 444 S.E.2d 233, 237 (1994) ("[i]t is the province of our legislature to change the accepted common law in this state"); *see also State v. Freeman*, 302 N.C. 591, 594, 276 S.E.2d 450, 452 (1981) ("[a]bsent a legislative declaration, [the Supreme] Court possesses the authority to alter judicially created common law when it deems it necessary in light of experience and reason").

Until the legislature or Supreme Court acts to modify the tort of criminal conversation, we are bound by decisions of our Supreme Court and prior panels of this Court recognizing that the mere fact of separation does not bar a claim for criminal conversation occurring during the separation. *See Bryant*, 214 N.C. at 195, 198 S.E. at 621; *Brown*, 124 N.C. App. at 380, 477 S.E.2d at 237; *Cannon*, 71 N.C. App. at 465, 322 S.E.2d at 785; *see also Rogerson v. Fitzpatrick*, 121 N.C. App. 728, 732, 468 S.E.2d 447, 450 (1996) ("[i]t is elementary that this Court is bound by holdings of the Supreme Court"); *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court"). Accordingly, we hold that the trial court did not err in concluding that a criminal conversation claim may be based solely on post-separation conduct.

Affirmed.

Judges BIGGS and SMITH concur.