MARVIN JENNINGS, KAY FRANCIS JENNINGS v. ALMONT E. LINDSEY, MITCHELL R. CRISP, KENNETH M. HUGHES, EDGAR R. MABE

No. 8330SC684

(Filed 7 August 1984)

**1. Rules of Civil Procedure §§ 12, 56— motion to dismiss before responsive pleading filed**

Since defendants' motion to dismiss was made and granted prior to their filing any responsive pleading, it was properly before the court as a motion for summary judgment under G.S. 1A-1, Rule 56, and because plaintiffs' complaint was the only material before the trial court, defendants' motion was no different in effect from a motion to dismiss for failure to state a claim for relief under G.S. 1A-1, Rule 12(b)(6).

**2. Limitation of Actions § 8.2— fraud—time of discovery—action not barred by statute of limitations**

   The trial court erred in dismissing plaintiffs' claims for fraud on the ground that they were barred by the statute of limitations where plaintiffs alleged that they were engaged in a logging business with defendants; plaintiffs described the allegedly fraudulent acts and stated that they occurred in 1979 but were not discovered until 1981; and plaintiffs alleged that defendants were their accountants and this special relationship could excuse their failure to exercise due diligence.

**3. Limitation of Actions § 4— unfair trade practices—four year statute of limitations**

   The trial court erred in dismissing plaintiffs' claims of unfair and deceptive trade practices on the ground that they were barred by the statute of limitations, since plaintiffs alleged that the practices occurred in 1979; their claim was filed in 1983; and G.S. 75-16.2 provides a four year statute of limitations for claims of unfair trade practices.

APPEAL by plaintiffs from *Burroughs, Judge.* Judgment entered 16 May 1983 in Superior Court, JACKSON County. Heard in the Court of Appeals 11 April 1984.

This is a civil action in which plaintiffs seek damages for alleged fraud and unfair trade practice. On 4 March 1983, plaintiffs' amended complaint was filed alleging fraud and unfair trade practices arising out of two separate transactions between plaintiffs and defendants. The following summary of facts is drawn from the complaint:

Plaintiff Marvin Jennings was a partner, with two of his brothers, in a logging operation doing business as Carolina Logging Company. Defendants were partners in an accounting firm that rendered professional services to Carolina Logging. By virtue of this business relationship, defendants were aware that Carolina Logging needed money and was experiencing financial difficulty. In January of 1979, defendants proposed to Carolina Logging that defendants Crisp and Lindsey would form a new corporation, Masters Lumber Co., Ltd., in which they and the three partners of Carolina Logging would be shareholders. Defendants Lindsey and Crisp would contribute cash while plaintiff and his partners would contribute the capital assets of Carolina Logging Company. Defendant Lindsey would be president while the former partners of Carolina Logging would be salaried employees of the new company. As president, defendant Lindsey

was to apply for a loan of $125,000. Each of the five shareholders was apparently responsible for providing security for a part of the loan and plaintiffs accordingly executed a $25,000 promissory note payable to defendants Lindsey and Crisp. This note was in turn secured by a second deed of trust on plaintiffs' house. As a part of the transaction, the new corporation, Masters Lumber Co., was to assume responsibility for the outstanding debts of Carolina Logging Company.

Assets were transferred and notes were executed but no stock certificates were issued and the agreed payments on the outstanding debts of Carolina Logging were not made. No loan was applied for but defendants Crisp and Lindsey nevertheless held plaintiffs' $25,000 promissory note and refused to discharge the deed of trust securing it.

In August of 1979, plaintiff Marvin Jennings terminated his relationship with Masters Lumber Company. From then until September of 1981, defendant Lindsey represented to plaintiffs that their remaining accounts and business with Masters Lumber Company would be settled. In September 1981, plaintiffs learned that defendants did not intend to settle with plaintiffs but rather that they intended to keep plaintiffs' promissory note and deed of trust. Plaintiffs allege that defendants committed other acts in the management of Masters Lumber Company that contributed to the primary allegation of fraud.

Plaintiffs further allege that in another transaction arising from the same business relationship, defendant Lindsey told plaintiffs in December 1977 that, if they would transfer two tracts of land to him and defendant Crisp that they (Lindsey and Crisp) would sell the land and use the proceeds to satisfy plaintiffs' outstanding debts to defendants, reimburse plaintiffs for their equity in the land, and distribute the remaining proceeds equally to themselves and plaintiffs. Plaintiffs transferred the land to Lindsey and Crisp who sold it in October 1978. Plaintiffs learned of the sale in 1979 at which time defendant Lindsey represented to them that he would settle with them when he collected the balance of the purchase price. Defendant Lindsey persisted in these representations until September of 1981 when plaintiffs learned that defendants did not intend to settle with them but intended to keep the proceeds of sale. Plaintiffs allege other actions

by defendants relating to this transaction that contribute to their allegation of fraud.

With respect to both transactions, plaintiffs allege that defendants misused their positions of confidence and trust as plaintiffs' accountants to influence plaintiffs to enter into these transactions. Plaintiffs allege that defendants did so with intent to defraud plaintiffs, knowing that their representations were false or having at least a reckless disregard for their truthfulness. Plaintiffs allege that they reasonably relied on defendants' false representations and that they suffered damages as a result of this reliance. The first four counts in the complaint were based on fraud.

On the same facts, plaintiffs allege in the fifth and sixth counts of their amended complaint unfair or deceptive trade practices under G.S. 75-1-1. Plaintiffs requested injunctive relief, compensatory and punitive damages, treble damages for the alleged unfair trade practices, and attorney fees.

On 28 March 1983, before filing a responsive pleading, defendants moved to dismiss the four fraud counts on the grounds that they were barred by the statute of limitations. Defendants asserted that the acts complained of were all committed more than three years prior to the filing of the action, that none of the acts were concealed from plaintiffs and that plaintiffs, in the exercise of due care, should have discovered the alleged acts or omissions.

On 16 May 1983, the court entered the following order:

> This cause coming on to be heard and being heard before the undersigned and having considered the relevant material in the file the Court entered the following Order on the defendants' motion to dismiss under Rule 8C as he alleged the statute of limitations having barred this action.

> IT IS THEREFORE ORDERED that the defendants' motion to dismiss under Rule 8(c) is allowed.

No responsive pleading was ever filed by defendants. Plaintiffs excepted and appealed from the entry of the order.

*Ralph L. Hicks for plaintiff-appellants.*

*Creighton W. Sossoman for defendant-appellees.*

EAGLES, Judge.

Defendants contend that this action is barred by the statute of limitations. Plaintiffs urge that under the facts of this case, the statute of limitations does not bar their claims of fraud. We agree with plaintiffs.

I

**[1]** We note first that defendants' motion to dismiss was considered by the trial court as having been brought under G.S. 1A-1, Rule 8(c). Rule 8(c) is limited by its own terms to responsive pleadings. Defendants' motion here was made and granted prior to their filing any responsive pleading.

*Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981), provides that "a party whose responsive pleading is not yet due may by motion for summary judgment and in support of the motion raise an affirmative defense to an asserted claim before the party pleads responsively to the claim." *Id.* at 442, 276 S.E. 2d at 329. In that holding, our Supreme Court noted that this practice was consistent with the federal courts. *See* 2A Moore's Fed. Practice § 8.28 (2d ed. 1980). Therefore, defendants' motion to dismiss was properly before the court as a motion for summary judgment under G.S. 1A-1, Rule 56. Since plaintiffs' complaint was the only material before the trial court, the motion was no different in effect from a motion to dismiss for failure to state a claim for relief under G.S. 1A-1, Rule 12(b)(6). *Shoffner Industries, Inc. v. Construction Co.*, 42 N.C. App. 259, 257 S.E. 2d 50, *disc. rev. denied*, 298 N.C. 296, 259 S.E. 2d 301 (1979).

Since defendants' motion is essentially one under G.S. 1A-1, Rule 12(b)(6), to dismiss plaintiffs' complaint for failure to state a claim for relief, the issues before the court are whether the complaint alleges the elements of at least some legally recognized claim and whether it provides sufficient notice of the events giving rise to the claim to enable the defendants to understand and respond to it. *Orange Co. v. Dept. of Transportation*, 46 N.C. App. 350, 265 S.E. 2d 890, *rev. denied*, 301 N.C. 94, --- S.E. 2d --- (1980). The complaint should be dismissed if it appears that plaintiffs are entitled to no relief under any set of facts that could be proven or if the complaint discloses on its face some fact that will necessarily defeat the claim. *Id.* The allegations in the complaint

must be taken as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976).

## II

G.S. 1-46, in conjunction with G.S. 1-52(9), provides that "an action . . . [f]or relief on the grounds of fraud or mistake" must be commenced within three years and that the "cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." In considering the trial court's dismissal of plaintiffs' fraud claims, *Vail v. Vail*, 233 N.C. 109, 63 S.E. 2d 202 (1951), is instructive. Writing for the Supreme Court, Justice Johnson observed:

> Fraud has no all-embracing definition. Because of the multifarious means by which human ingenuity is able to devise means to gain advantages by false suggestions and concealment of the truth, and in order that each case may be determined on its own facts, it has been wisely stated "that fraud is better left undefined," lest, as *Lord Hardwicke* put it, "the craft of men should find a way of committing fraud which might escape a rule or definition." . . . However, in general terms, fraud may be said to embrace "all acts, omissions, and concealments involving a breach of legal or equitable duty and resulting in damage to another or the taking of undue or unconscientious advantage of another."

*Id.* at 113, 63 S.E. 2d at 205 (citations omitted).

Because fraud is difficult to define, it is likewise difficult to establish with certainty when the statute of limitations on a claim of fraud begins to run. *Vail v. Vail* holds that where a person is aware of facts and circumstances which, in the exercise of due care, would enable him or her to learn of or discover the fraud, the fraud is discovered for purposes of the statute of limitations. "[T]he law regards the means of knowledge as the knowledge itself." *Id.* at 116, 63 S.E. 2d at 207. *See also Wilson v. Crab Orchard Dev. Co.*, 276 N.C. 198, 171 S.E. 2d 873 (1970). *B-W Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570 (1966); *Shepherd v. Shepherd*, 57 N.C. App. 680, 292 S.E. 2d 169 (1982). The existence and nature of a confidential relationship between the parties to a transaction may excuse a failure to use due diligence. *Bennett v. Anson Bank and Trust Co.*, 265 N.C. 148, 143

S.E. 2d 312 (1965) (partnership); *Vail v. Vail, supra* (mother-son). However, a failure to use due diligence is not always excused by the existence of such a relationship. *Shepherd v. Shepherd, supra.*

### III

[2] The only pleadings before the trial court here were plaintiffs' complaint and defendants' motion. The complaint appears to establish a *prima facie* case of fraud. *See Johnson v. Phoenix Mutual Ins. Co.,* 300 N.C. 247, 266 S.E. 2d 610 (1980) (summary judgment in actions for fraud). In the complaint, plaintiffs describe the allegedly fraudulent acts, disclosing that those acts occurred in 1979. Plaintiffs assert, however, that they did not discover the alleged fraud until September 1981. Defendants' motion asserts the three year statute of limitations in bar of plaintiffs' claims, arguing that the acts complained of occurred more than three years prior to the filing of the action and that plaintiffs should have discovered the alleged fraud at that time.

The applicable statute of limitations runs from the point when the fraud was, or should have been, discovered. *Vail v. Vail, supra.* We believe that plaintiffs' assertion that they did not discover the fraud until September of 1981 is sufficient to establish the approximate date from which the statute of limitations began to run on their claims. Defendants' unsupported assertion to the contrary merely creates a conflict that, in the procedural context of this case, must be resolved in plaintiffs' favor. *Durham v. Vine,* 40 N.C. App. 564, 253 S.E. 2d 316 (1979).

Moreover, plaintiffs have alleged the existence of a special relationship between themselves and defendants that could excuse their failure to exercise due diligence. Defendants were plaintiffs' accountants. By virtue of this relationship, plaintiffs reposed a certain amount of trust and confidence in defendants and even executed a power of attorney in favor of defendant Lindsey. The fact that plaintiffs terminated their business relationship with Masters Lumber Company in August of 1979 does not mean that they terminated their special relationship with defendants as their accountants. Nor does termination of the business relationship with Masters Lumber Company mean that there was no longer a business relationship between plaintiffs and the individual defendants that could be shown to excuse plaintiffs' failure to exercise due diligence. Accordingly, we hold that plain-

tiffs' action has not been shown to be barred by the statute of limitations.

[3]   Plaintiffs also assign as error the dismissal of the fifth and sixth counts of their complaint, the claims of unfair and deceptive trade practice. For the reasons set forth above, we hold that their claims are not barred by the statute of limitations and that they were incorrectly dismissed. We note further that G.S. 75-16.2 provides a four year statute of limitations for actions arising under G.S. 75-1 *et seq.*, dealing with unfair trade practices. The fifth and sixth claims are based on the same facts that plaintiffs alleged in support of their fraud claims. Even if the fraud claims were barred by the three year limitation of G.S. 1-52, the unfair trade practice claims, being controlled by a four year statute, would not necessarily be barred.

For the reasons set forth above, the order of the trial court dismissing plaintiffs' action is

Reversed.

Chief Judge VAUGHN and Judge BRASWELL concur.