DONALD EUGENE MISENHEIMER, PLAINTIFF v. JAMES CLAYTON BURRIS AND RANDALL BURRIS, DEFENDANTS

No. COA04-445

(Filed 5 April 2005)

**Criminal Conversation— statute of limitations—three years— discovery rule—not applicable**

Plaintiff's criminal conversation claim was barred by the statute of limitations, and the trial court erred by denying defendant's motion for a directed verdict, where the alleged affair began in 1991 and ended in 1994 or 1995, plaintiff began to suspect the affair in 1996, and he did not file the complaint until 2000. The discovery exception to statutes of limitation for certain latent causes of action does not apply here since criminal conversation is specifically identified in the three-year statute of limitations. N.C.G.S. § 1-52(5).

Judge TYSON dissenting.

MISENHEIMER v. BURRIS

[169 N.C. App. 539 (2005)]

Appeal by defendant James Clayton Burris from judgment entered 14 May 2003 by Judge Michael E. Beale in Stanly County Superior Court. Heard in the Court of Appeals 2 December 2004.

*Walker & Bullard, by Daniel S. Bullard, for plaintiff-appellee.*

*Tucker & Singletary, P.A., by William C. Tucker, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

James Clayton Burris ("defendant")[1] appeals a jury verdict whereby he was found to have engaged in criminal conversation with the spouse of Donald Eugene Misenheimer ("plaintiff"), and resulting judgment against defendant for $350,001 in damages. For the following reasons, we reverse.

The factual and procedural history of this case is as follows: Plaintiff and Rebecca Ann Misenheimer ("Ms. Misenheimer") were married in 1971. Plaintiff and defendant met in the 1970s and became friends and business colleagues. Their families socialized together on occasion. In February 1996, Ms. Misenheimer told plaintiff that she wanted a divorce. On 15 March 1997, Ms. Misenheimer moved out of the family home and separated from plaintiff. Their divorce was made final in 2000. On 12 April 2000, plaintiff filed the underlying complaint against defendant alleging alienation of affections and criminal conversation with Ms. Misenheimer. The case proceeded to trial on 17 February 2003. At the close of plaintiff's evidence defendant moved for directed verdict, arguing that plaintiff failed to demonstrate that he filed the complaint within three years of the date of the alleged affair between defendant and Ms. Misenheimer, as required by the statute of limitations. Plaintiff counterargued that the "discovery rule" provided in N.C. Gen. Stat. § 1-52(16) applies in this case, and that the statute of limitations should not be measured by the date of the extra-marital relationship, but by the date that plaintiff became aware of the extra-marital relationship. The trial court issued the following ruling:

> the court is going to deny the motion to dismiss at the close of the plaintiff's evidence on the claim against Randall Burris for criminal conversation, and the claim against Clayton Burris on criminal conversation. The court, finding that there is no specific case that has said that 1-52.16 does not apply in this situation, and in

---

1. Co-defendant Randall Burris is not a party to this appeal.

light of other cases interpreting the statute, the court denies the motion to dismiss those charges, finding that there's evidence from which the jury could believe that the injury to the plaintiff became apparent or had reasonably become apparent within three years prior to the time he instituted the action.

The trial court granted directed verdict on the issue of alienation of affections.

Defendant presented his evidence, at the close of which he renewed his motion for directed verdict on the issue of criminal conversation. The trial court denied defendant's motion and submitted the case to the jury to deliberate on the following pertinent issues: (1) "Did the Defendant, Clayton Burris, commit criminal conversation with the Plaintiff's spouse?" (2) "If so, did the Plaintiff commence this action against the Defendant, Clayton Burris, before the expiration of the three year statute of limitations?" (3) "If so, what amount, if any, is the Plaintiff entitled to recover from the Defendant, Clayton Burris, for criminal conversation?" (4) "If so, is the Defendant, Clayton Burris, liable to Plaintiff for punitive damages?" (5) "If so, what amount of punitive damages, if any, does the jury in its discretion award to the Plaintiff?"

The jury found that defendant engaged in criminal conversation with Ms. Misenheimer, and that plaintiff's action was commenced within the statute of limitations. The jury awarded plaintiff $100,001 in actual damages and $250,000 in punitive damages. It is from this verdict that defendant appeals.

---

The dispositive issue on appeal is whether the trial court erred by ruling that the discovery rule applies in actions for criminal conversation.

Criminal conversation is a common law tort claim for adultery. *Johnson v. Pearce*, 148 N.C. App. 199, 200, 557 S.E.2d 189, 190 (2001). The elements of criminal conversation are (1) " 'the actual marriage between the spouses;' " and (2) " 'sexual intercourse between defendant and the plaintiff's spouse during the coverture.' " *Id.*, at 200-01, 557 S.E.2d at 190 (quoting *Brown v. Hurley*, 124 N.C. App. 377, 380, 477 S.E.2d 234, 237 (1996)). A plaintiff must file an action within three years for "criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated." N.C. Gen. Stat. § 1-52(5) (2003). The discovery rule is an

exception to statutes of limitation that apply to certain latent causes of action. The discovery rule provides that

> [u]nless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action . . . shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs.

N.C. Gen. Stat. § 1-52(16) (2003) (emphasis added). This Court has held that § 1-52(16) does not apply to causes of action where the limitation period is provided by statute. See Marshburn v. Associated Indemnity Corp., 84 N.C. App. 365, 371-72, 353 S.E.2d 123, 127-28 (1987) (The discovery rule does not apply to claims for losses covered by an insurance policy because the limitation period is "otherwise provided by statute" in N.C. Gen. Stat. § 1-52(12)). Since the cause of action for criminal conversation is specifically identified in the three-year statute of limitations contained in § 1-52(5), the discovery exception does not apply to criminal conversation cases.

In resolving this issue, we are further guided by this Court's ruling in Coachman v. Gould, 122 N.C. App. 443, 470 S.E.2d 560 (1996). In Coachman, the defendant and the plaintiff's wife had a sexual relationship that ended in 1988, the year that plaintiff and his wife married. 122 N.C. App. at 444-46, 470 S.E.2d at 561-63. The sexual relationship between defendant and the plaintiff's wife "possibly overlapped a period in which plaintiff and [his wife] were married." 122 N.C. App. at 445, 470 S.E.2d at 562. After 1988, the plaintiff's wife maintained a relationship with the defendant by engaging in several telephone conversations with him. 122 N.C. App. at 446, 470 S.E.2d at 563. The plaintiff filed a complaint for criminal conversation in 1993. 122 N.C. App. at 446, 470 S.E.2d at 563. Citing § 1-52(5), this Court held that with regard to the sexual relationship between the defendant and the plaintiff's wife in 1988, the plaintiff's cause of action was barred by the three-year statute of limitations. 122 N.C. App. at 446, 470 S.E.2d at 562 ("Since this particular relationship allegedly occurred in 1988 at the latest, and plaintiff's complaint was not filed until 1993, the statute of limitations bars this act from constituting a cause of action relevant to the instant case."). We further held that with regard to the telephone conversations that took place after 1988, the plaintiff failed to prove all of the elements of criminal conversation, i.e., he not did demonstrate that his wife engaged in sexual inter-

course with the defendant during that time. 122 N.C. App. at 446, 470 S.E.2d at 563. For these reasons, we affirmed the trial court's summary judgment in favor of the defendant.

In the present case, the evidence presented tends to show that defendant's alleged affair with Ms. Misenheimer began in 1991 and ended in 1994 or 1995. The evidence also tends to show that plaintiff began to suspect the affair in 1996, well within the statute of limitations. However, plaintiff did not file the complaint in this action until 12 April 2000, five years after the relationship between defendant and Ms. Misenheimer ended and two years after the statute of limitations expired in 1998.

Guided by the aforementioned statutory and case law, we conclude that in the present case, the statute of limitations bars plaintiff's cause of action for criminal conversation. Thus, the trial court erred by denying defendant's motion for directed verdict. We reverse the trial court's order and remand this case to the trial court for proceedings not inconsistent with this opinion.

REVERSED.

Judge GEER concurs.

Judge TYSON dissents.

TYSON, Judge dissenting.

The jury specifically found that plaintiff filed his complaint against defendant "within three years after the time the bodily harm became apparent or reasonably to have become apparent to . . . plaintiff, whichever occurred first" after receiving an instruction from the trial court on the discovery rule. The majority's opinion correctly states the sole issue before this Court is whether the statute of limitations may be tolled until "discovery" by the aggrieved party for claims of criminal conversation. The discovery rule applies to this cause of action. I respectfully dissent.

## I.  The Majority's Holding

The majority's opinion contends the discovery rule is inapplicable to claims of criminal conversation due to: (1) the statutory design of N.C. Gen. Stat. § 1-52; and (2) this Court's holding in Coachman v. Gould, 122 N.C. App. 443, 470 S.E.2d 560 (1996).

The majority's opinion concludes the discovery rule should not be applied to an action for criminal conversation due to it being specifically identified in N.C. Gen. Stat. § 1-52(5) as a claim to which a three year statute of limitations applies. Our appellate courts have extended the discovery rule to other subsections of N.C. Gen. Stat. § 1-52. *Robertson v. City of High Point*, 129 N.C. App. 88, 91, 497 S.E.2d 300, 302 (the discovery rule could be applied to claims of trespass specifically enumerated in N.C. Gen. Stat. § 1-52(3)), *disc. rev. denied*, 348 N.C. 500, 510 S.E.2d 654, 654-55 (1998); *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 492-93, 329 S.E.2d 350, 354 (1985) (considering application of the discovery rule to N.C. Gen. Stat. § 1-52(1)); *Black v. Littlejohn*, 312 N.C. 626, 637, 325 S.E.2d 469, 477 (1985) (application of the discovery rule to injuries caused by the negligence of another); *Wilson v. McLeod Oil Co.*, 327 N.C. 491, 507-08, 398 S.E.2d 586, 593-94 (1990) (N.C. Gen. Stat. § 1-52(5) applies three year statute of limitations to negligence actions), *reh'g denied*, 328 N.C. 336, 402 S.E.2d 844 (1991). For the reasons discussed below, I believe N.C. Gen. Stat. § 1-52(16) also applies to N.C. Gen. Stat. § 1-52(5).

The statute of limitations for criminal conversation is three years, as provided by statute and case law. As the trial court stated in its ruling, my research fails to disclose any precedent that disallows application of the discovery rule to the tort of criminal conversation. The majority cites *Coachman v. Gould* as authority for the preclusion of N.C. Gen. Stat. § 1-52(16) from claims of criminal conversation. In *Coachman*, this Court determined that the plaintiff's action for criminal conversation was barred by the three year statute of limitations. 122 N.C. App. at 445-46, 470 S.E.2d at 562-63. However, in *Coachman* this Court did not address the possibility of the three year statute of limitations being tolled by the discovery rule. *Id.*

## II.  The Discovery Rule

The discovery rule is limited to "personal injury or physical damage to claimant's property." N.C. Gen. Stat. § 1-52(16). The applicable statute of limitations "shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to claimant." *Id.*

The primary purpose of N.C. Gen. Stat. § 1-52(16) is that it is intended to apply to plaintiffs with latent injuries. Specifically, § 1-52(16) protects a potential plaintiff in the case of a *latent*

*injury* by providing that a cause of action does not accrue until the *injured party becomes aware or should reasonably have become aware* of the existence of the injury. As soon as the injury becomes apparent to the claimant or should reasonably become apparent, the cause of action is complete and the limitation period begins to run.

*Soderlund v. Kuch,* 143 N.C. App. 361, 370, 546 S.E.2d 632, 638 (internal citations and quotations omitted) (emphasis supplied), *disc. rev. denied,* 353 N.C. 729, 551 S.E.2d 438-39 (2001).

### A. Fraud and Criminal Conversation

The General Assembly's application of a discovery rule to claims of fraud is instructive. Our Supreme Court held:

Fraud has no all-embracing definition. Because of the *multifarious* means by which human ingenuity is able to devise means to gain advantages by false suggestions and *concealment of the truth,* and in order that each case may be determined on its own facts, it has been wisely stated "that fraud is better left undefined," lest, as *Lord Hardwicke* put it, "the craft of men should find a way of committing fraud which might escape a rule or definition." However, in general terms, fraud may be said to embrace "all *acts, omissions, and concealments* involving a breach of legal or equitable duty and resulting in damage to another or the taking of *undue or unconscientious advantage of another.*".

*Vail v. Vail,* 233 N.C. 109, 113, 63 S.E.2d 202, 205 (1951) (citations and quotations omitted) (emphasis supplied).

Due to the clandestine and concealing nature of the tortfeasors, it is "difficult to establish with certainty when the statute of limitations on a claim of fraud begins to run." *Jennings v. Lindsey,* 69 N.C. App. 710, 715, 318 S.E.2d 318, 321 (1984). Consequently, the General Assembly specifically provided claimants of fraud actions a discovery rule. *See* N.C. Gen. Stat. § 1-52(9) (2003) ("For relief on the ground of fraud . . . the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting fraud . . . ."). When there is concealment of material facts, "the statute of limitations does not bar a suit for relief on account of it, and thereby permit the statute which was designed to prevent fraud to become an instrument to perpetrate and perpetuate it." *Small v. Dorsett,* 223 N.C. 754, 761, 28 S.E.2d 514, 518 (1944).

Criminal conversation is defined as " 'actual marriage between the spouses and sexual intercourse between defendant and the plaintiff's spouse during the coverture.' " *Nunn v. Allen*, 154 N.C. App. 523, 535, 574 S.E.2d 35, 43 (2002) (quoting *Brown v. Hurley*, 124 N.C. App. 377, 380, 477 S.E.2d 234, 237 (1996)), *motion dismissed, motion and disc. rev. denied*, 356 N.C. 675, 577 S.E.2d 630, 631 (2003). " 'The gravamen of the cause of action . . . is the defilement of plaintiff's [spouse] by the defendant.' " *Johnson v. Pearce*, 148 N.C. App. 199, 200, 557 S.E.2d 189, 190 (2001) (quoting *Chestnut v. Sutton*, 207 N.C. 256, 257, 176 S.E. 743, 743 (1934)). The goal of the remedy is to protect a spouse's interest in " 'the fundamental right of exclusive sexual intercourse between spouses, and also on the loss of consortium.' " *Sebastian v. Kluttz*, 6 N.C. App. 201, 209, 170 S.E.2d 104, 108 (1969) (quotation omitted). "In determining damages a jury 'may consider the loss of companionship, loss of services, mental anguish, humiliation, and fear of sexually transmitted disease. In addition, there may be recovery for the injury to health and family honor . . . .' " *American Mfrs. Mut. Ins. Co. v. Morgan*, 147 N.C. App. 438, 442, 556 S.E.2d 25, 28 (2001) (quotations omitted), *cert. denied*, 355 N.C. 747, 565 S.E.2d 191, 192 (2002).

Despite the simple elements of a valid marriage and sexual intercourse by a spouse with a third party, inherent in the cause of action are acts of deceit and concealment. Typically, the spouse and interloper do not flaunt their indiscretions in the open such that it becomes readily apparent to the aggrieved party, who is often the last to know. Rather, as in situations involving fraud, the acting parties seek to conceal their behavior, not just from the aggrieved, but also from the rest of the world. The party injured by the criminal conversation defendant often would be unable to discover the truth and subsequently suffer harm until some time after the fact.

Application of the discovery rule to claims of criminal conversation to protect the "fundamental right of exclusive sexual intercourse between spouses" is in line with North Carolina's demonstrated interest in the importance of protecting marriage. N.C. Gen. Stat. § 8-57(c) (2003) ("No husband or wife shall be compellable in any event to disclose any confidential communication made by one to the other during their marriage."); *Thompson v. Thompson*, 70 N.C. App. 147, 154-55, 319 S.E.2d 315, 320-21 (1984) (attorneys representing a client in a divorce proceeding may not use contingent fee contracts since they tend to promote divorce and discourage reconciliation), *rev'd on other grounds*, 313 N.C. 313, 328 S.E.2d 288

(1985); *Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985) (the causes of action for criminal conversation and alienation of affections are recognized and valid in North Carolina); *In re Webb*, 70 N.C. App. 345, 350, 320 S.E.2d 306, 309 (1984) (" '[T]he Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition.' ") (quoting *Moore v. City of East Cleveland*, 431 U.S. 494, 503, 504, 52 L. Ed. 2d 531, 540 (1977)), *aff'd*, 313 N.C. 322, 327 S.E.2d 879, 879-80 (1985).

## III.  Conclusion

Our appellate courts have extended N.C. Gen. Stat. § 1-52(16) to many other subsections of N.C. Gen. Stat. § 1-52. While the statute of limitations for criminal conversation and many other torts is three years, criminal conversation is an inherently deceitful, concealing, and deceptive act. As in cases of fraud, the parties involved intentionally and actively conceal and attempt to avoid discovery by the aggrieved spouse. An aggrieved party probably will not become aware of the commissions of adultery, if ever, until well after the acts occurred. A tortfeasor should not be awarded for exceptionally egregious behavior after secretive actions intended and devised to preclude discovery. The trial court properly ruled that the discovery rule applies and tolls the three year statute of limitations until the aggrieved party did or should have discovered defendant's tortious acts. The jury specifically found as fact that plaintiff's criminal conversation claim was filed "within three years after the time the bodily harm became apparent or reasonably to have become apparent to . . . plaintiff, whichever occurred first." As "no fact tried by a jury . . . shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law[,]" U.S. Const. amend. VII; N.C. Const. art. I, § 19, defendant's assignment of error should be overruled. I vote to affirm the jury's verdict in plaintiff's favor. I respectfully dissent.