**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1367**

---

HANK BLAND; KENDELL JACKSON; LUETTA INNISS,

        Plaintiffs – Appellants,

    v.

CAROLINA LEASE MANAGEMENT GROUP, LLC; CTH RENTALS, LLC; OLD HICKORY BUILDINGS, LLC,

        Defendants – Appellees.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:22-cv-00033-BO)

---

Argued:  March 21, 2024                         Decided:  May 7, 2024

---

Before WILKINSON, KING, and AGEE, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**ARGUED:**  Charles Marshall Delbaum, NATIONAL CONSUMER LAW CENTER, Boston, Massachusetts, for Appellants.  Jonathan Earl Williams, CEDAR GROVE LAW, Hillsborough, North Carolina, for Appellees.  **ON BRIEF:**  Adrian M. Lapas, LAPAS LAW OFFICES, PLLC, Goldsboro, North Carolina, for Appellants.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs Hank Bland, Kendell Jackson, and Luetta Innis sued Defendants Carolina Lease Management Group, LLC, CTH Rentals, LLC, and Old Hickory Buildings, LLC, for violations of North Carolina law related to Plaintiffs' rent-to-own purchases of storage sheds. The district court dismissed the complaint on statute-of-limitations grounds and later denied Plaintiffs' motion for reconsideration and for relief from the final judgment. On appeal, Plaintiffs argue that the district court erroneously applied the three-year statute of limitations applicable to one of their claims to their other claims. We agree with Plaintiffs that all but one claim should not have been dismissed as time-barred and therefore affirm in part, vacate in part, and remand for further proceedings.

I.

In 2018, Plaintiffs entered into agreements to purchase sheds from Defendants in rent-to-own transactions. The transactions involved finance charges that were more than twice the maximum rate allowed under North Carolina law for Bland and Jackson, and well over the maximum rate for Innis. Plaintiffs made the requisite monthly payments for a few years, but then stopped because they learned that the agreements violated North Carolina law.

In March 2022, Plaintiffs sued Defendants for violations of the North Carolina Retail Installment Sales Act ("RISA"), North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), and North Carolina Debt Collection Act ("DCA"), among other causes of action. Relevant here, Plaintiffs' UDTPA claim alleges that Defendants engaged

2

in unfair and deceptive trade practices by willfully and knowingly violating RISA via excessive finance charges. *See* N.C. Gen. Stat. § 25A-44(4) (indicating that a "knowing and willful" RISA violation "shall constitute an unfair trade practice" under UDTPA).

Defendants moved to dismiss the complaint on statute-of-limitations grounds. They argued that Plaintiffs' claims were rooted in RISA such that the three-year RISA statute of limitations barred all of the claims. In response, Plaintiffs argued that, aside from their RISA claim, their other claims were timely based on the four-year statute of limitations applicable to UDTPA and DCA claims. The district court agreed with Defendants and granted the motion to dismiss. The court then denied Plaintiffs' subsequent motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b).

Plaintiffs filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the district court's grant of a Rule 12(b)(6) motion de novo, *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020), and its denial of a Rule 59(e) and 60(b) motion for abuse of discretion, *United States v. Taylor*, 54 F.4th 795, 802 (4th Cir. 2022); *Morgan v. Tincher*, 90 F.4th 172, 177 (4th Cir. 2024).

## II.

We conclude that the district court erred in determining that the three-year RISA statute of limitations applies to Plaintiffs' UDTPA and DCA claims.[1]

We first address the UDTPA claim. UDTPA is clearly governed by a four-year statute of limitations. N.C. Gen. Stat. § 75-16.2. In spite of that, Defendants assert that because Plaintiffs' UDTPA claim is premised on a RISA violation, the three-year RISA statute of limitations applies to the UDTPA claim. But North Carolina case law indicates that the UDTPA statute of limitations applies to a UDTPA claim regardless of whether that claim is predicated on a different substantive claim governed by a different statute of limitations. *See Shepard v. Ocwen Fed. Bank, FSB*, 638 S.E.2d 197, 200 (N.C. 2006) (applying four-year statute of limitations to UDTPA claim that was "derived from [the plaintiffs'] usury claim," even though the usury claim itself was governed by a two-year statute of limitations); *Skinner v. Preferred Credit*, 616 S.E.2d 676, 680–81 (N.C. Ct. App. 2005) (same); *Jennings v. Lindsey*, 318 S.E.2d 318, 322 (N.C. Ct. App. 1984) ("The [UDTPA] claims are based on the same facts that plaintiffs alleged in support of their fraud claims. Even if the fraud claims were barred by the three year limitation of G.S. 1-52, the unfair trade practice claims, being controlled by a four year statute, would not necessarily be barred."); *Page v. Lexington Ins. Co.*, 628 S.E.2d 427, 430 (N.C. Ct. App. 2006) ("[O]ur Court has consistently treated UDTP[A] claims as separate and distinct from other claims

---

[1] On appeal, Plaintiffs do not contend that the district court erred in dismissing their RISA claim on statute-of-limitations grounds. We thus affirm the dismissal of that claim.

4

with respect to statutes of limitations. . . . [P]laintiffs' UDTP[A] claim was separate and distinct from plaintiffs' claims on the underlying insurance policy, and the UDTP[A] claim is therefore governed by the four-year statute of limitations applicable to such claims."). And none of these cases limit their holdings to cases in which the UDTPA claim involves separate facts from the underlying claim, as Defendants contend. *See, e.g.*, *Jennings*, 318 S.E.2d at 322 (applying a four-year statute of limitations to UDTPA claims even though the claims were "based on the same facts that plaintiffs alleged in support of their fraud claims," which were governed by a three-year statute of limitations). Therefore, the four-year UDTPA statute of limitations applies to Plaintiffs' UDTPA claim, regardless of its interplay with RISA.

To support its contrary conclusion, the district court relied on an unpublished district court decision, *Register v. North Sun Housing & Development, Inc.*, No. 7:04-CV-68-FL, 2005 WL 8159532 (E.D.N.C. Sept. 2, 2005). But *Register* is unpersuasive and inapposite.

In *Register*, the plaintiffs brought claims pursuant to RISA, the federal Truth in Lending Act ("TILA"), and UDTPA based on their purchase and financing of a manufactured home. *Id.* at *1. The district court dismissed the UDTPA claim as "meritless" because it was "based solely upon violations addressed in plaintiffs' other claims, which the court ha[d] rejected on their merits [(a RISA claim and a TILA claim)] or on the basis of statute of limitations [(TILA claims)]." *Id.* at *10. The court elaborated:

> In particular, two cases in North Carolina have held that unfair trade practices claim[s] could not be based upon violations of other federal statutes providing pervasive regulation of a particular area of law. The court finds these cases persuasive in the present context, which involves application of

5

specific statutory disclosure requirements under TILA and North Carolina statutes.

*Id.* (citing *Skinner v. E.F. Hutton & Co.*, 333 S.E.2d 236 (N.C. 1985); *Brinkman v. Barrett Kays & Assocs., P.A.*, 575 S.E.2d 40 (N.C. Ct. App. 2003)).

*Register* is not useful to resolving the issue presented in this case. First, the RISA claim in *Register* was dismissed on the merits, meaning that there was no RISA violation and thus no UDTPA claim that could be predicated on such a violation. *See* N.C. Gen. Stat. § 25A-44(4) ("The knowing and willful *violation* of [RISA] shall constitute an unfair trade practice[.]" (emphasis added)). In contrast, here, Defendants don't dispute that Plaintiffs have a meritorious (albeit time-barred) RISA claim on which a UDTPA claim can be based.

Second, the *Register* court's decision appears to have primarily depended on the district court's conclusion that the plaintiffs couldn't base a UDTPA claim on a *TILA* violation. *See* 2005 WL 8159532, at *10 ("In particular, two cases in North Carolina have held that unfair trade practices claim[s] *could not be based upon violations of other federal statutes providing pervasive regulation* of a particular area of law." (emphasis added)). Obviously, in this case, Plaintiffs are basing their UDTPA claim not on a violation of federal law but on a violation of state law, specifically RISA. And RISA expressly provides that a "knowing and willful" violation can form the basis for a UDTPA claim.

Third, the state cases on which the *Register* court relied are irrelevant to this case because they have nothing to do with RISA, UDTPA statute-of-limitations issues, or using UDTPA to bring a claim for a violation of another statute *as specifically provided for in that statute. See Brinkman*, 575 S.E.2d at 45 (affirming grant of summary judgment to the

6

defendants on UDTPA claim that was based on a violation of the North Carolina Clean Water Act because that Act specifically "omitted a private right of action" and the plaintiffs were "seek[ing] to create a private right of action . . . by importing [UDTPA] and asserting a [UDTPA] claim to enforce the [Clean Water Act]"); *Skinner*, 333 S.E.2d at 237, 241 (concluding that securities transactions were "beyond the scope" of UDTPA because the court did "not believe that the North Carolina legislature would have intended [UDTPA] . . . to apply to securities transactions which were already subject to pervasive and intricate regulation" (citation omitted)).

Therefore, *Register* does not justify the district court's conclusion here that the RISA statute of limitations applies to Plaintiffs' UDTPA claim. Instead, the district court should have applied the four-year statute of limitations to the UDTPA claim, under which the UDTPA claim would not be time-barred.

And the same reasoning applies to the DCA claim. DCA's statute of limitations comes from the same statutory provision as UDTPA's limitations period. *See* N.C. Gen. Stat. § 75-16.2. Further, the North Carolina "General Assembly intended for [DCA] claims—brought under Article 2, Chapter 75—to be subject to the same general requirements that apply to unfair and deceptive trade practices (UDTP[A]) claims brought under Article 1, Chapter 75." *Simmons v. Kross Lieberman & Stone, Inc.*, 746 S.E.2d 311, 315 (N.C. Ct. App. 2013). Because of this relationship between UDTPA and DCA, we see no reason why the above-described rules regarding the UDTPA statute of limitations should not apply to DCA.

7

Therefore, a four-year statute of limitations governs Plaintiffs' UDTPA and DCA claims, and the district court improperly dismissed those claims on statute-of-limitations grounds. The district court's dismissal of Plaintiffs' other non-RISA claims on the same basis was also erroneous.

## III.

In sum, we affirm the district court's dismissal of Plaintiffs' RISA claim but vacate the dismissal of their other claims and remand for further proceedings.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

8